Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| WC LINEN SERVICES LLC Y OTROS<br><br>Demandantes-Recurridos<br><br>Vs<br><br>AUTOS VEGA, INC. Y OTROS<br><br>Demandados-Peticionarios | TA2026CE00544 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm. BY2024CV06905<br><br>Sala: 401<br><br>Sobre: ACCIDENTES EN ESTABLECIMIENTOS COMERCIALES |

Panel integrado por su presidenta, la Jueza Álvarez Esnard, el Juez Cruz Hiraldo y el Juez Sánchez Báez[1]

Cruz Hiraldo, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de junio de 2026.

Comparece ante nos la parte peticionaria, Ford Motor Company, Universal Insurance Company y Autos Vega, Inc. (en adelante y en conjunto, "Parte Peticionaria") y nos solicita la revisión de una *Orden* emitida y notificada el 23 de abril de 2026, por el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante, "foro primario" o "foro *a quo*"). Mediante esta, el foro primario denegó la extensión del descubrimiento de prueba en el caso BY2024CV06905.[2]

Por los fundamentos que expondremos a continuación, se *expide* el auto de *certiorari* y se *revoca* la *Orden* recurrida.

**I.**

Según surge del expediente, el 3 de abril de 2024, se incendió espontáneamente un vehículo Ford Transit del 2023 que estaba apagado y estacionado dentro de las facilidades de WC Linen

---

[1] Mediante la OATA-2026-063 emitida el 2 de junio de 2026, se designa a la Hon. Alicia Álvarez Esnard en sustitución de la Hon. Ivelisse M. Domínguez Irizarry.
[2] SUMAC del Tribunal de Apelaciones, Entrada Núm. 1.

Services (en adelante, "WC Linen" o "la lavandería"). Este fuego ocasionó daños significativos a la propiedad. El 18 de noviembre de 2024, los recurridos presentaron *Demanda* sobre daños y perjuicios y reclamaron daños ascendientes a $1,300,00.00.[3] El 23 de enero de 2025, el foro *a quo* ordenó a las partes a comenzar el descubrimiento de prueba.

Luego de una serie de cuestiones de índole procesales que no guardan relación con la controversia planteada en el caso de marras, el foro primario celebró *Vista* el 26 de febrero de 2026. En esta, concedió a las partes hasta el 21 de mayo de 2026 para llevar a cabo las deposiciones que quedaban pendientes y culminar el descubrimiento de prueba.[4] Así las cosas, el 16 de abril de 2026, los Peticionarios presentaron *Moción* informando al foro primario que, ese mismo día, ocurrió un segundo incendio en las facilidades de la lavandería.[5] Allí, solicitaron que, dado a que ocurrió un segundo incendio aproximadamente dos años después del primero, ameritaba que se condujera un descubrimiento de prueba para investigar el origen, la causa y las consecuencias de este segundo evento.

Al día siguiente, el foro primario emitió *Orden*, en la cual expuso:

> Se toma conocimiento. Permanece el calendario conforme a lo propuesto en cuanto al descubrimiento de prueba. En cuanto al incendio nuevo que se alega ocurrió[,] **se tendría que poner en condiciones al tribunal sobre por qué altera el descubrimiento de prueba y la necesidad de descubrir asuntos relacionados a un siniestro distinto.** (Énfasis nuestro).[6]

En cumplimiento con lo dispuesto por el tribunal, los peticionarios presentaron *Moción a los fines de sustentar solicitud de descubrimiento de prueba sobre la ocurrencia de segundo incendio* el

---

[3] SUMAC del Tribunal de Primera Instancia, Entrada Núm. 1
[4] *Íd.*, Entrada Núm. 103.
[5] *Íd.*, Entrada Núm. 110.
[6] *Íd.*, Entrada Núm. 111.

17 de abril de 2026.[7] En esta, arguyeron que el segundo incidente ocurrió bajo circunstancias similares al primero y, por tanto, era pertinente que se investigara su origen.[8] En particular, razonaron que encontraron información que contradice la teoría planteada por la parte recurrida respecto al servicio de energía eléctrica, ya que, a pesar de que los recurridos alegaron que no contaban con energía eléctrica cuando ocurrió el incendio y operaban con un generador eléctrico, continuaban haciendo pagos a LUMA Energy. Para fundamentar su hipótesis, anejaron una captura de los récords de WC Linen y otra de un desglose de gastos de la lavandería que incluye dichos pagos.[9]

En respuesta, el 22 de abril de 2026, los recurridos presentaron *Moción en torno a solicitud de descubrimiento de prueba* en la cual expresaron que, sin entrar en el contenido de la moción de los peticionarios, no tenían ningún reparo en alterar el calendario para permitir que estos condujeran el descubrimiento de prueba adicional que entendieran necesario.[10] No obstante, el 23 de abril de 2026, el foro *a quo* dispuso que no se extendería el descubrimiento de prueba.[11]

El 24 de abril de 2026, la parte peticionaria solicitó reconsideración al tribunal.[12] El mismo día, el foro primario denegó la reconsideración.[13]

---

[7] *Íd.*, Entrada Núm. 112.

[8] Según se desprende de la *Moción*, las circunstancias similares a las que hace referencia son que el segundo fuego ocurrió nuevamente en horas de noche mientras el establecimiento estaba cerrado. Vale destacar que la Parte Peticionaria distingue este evento del de 2024 porque, en esta ocasión, no había un carro en el establecimiento.

[9] *Íd.*, Anejos 1-2.

[10] *Íd.*, Entrada Núm. 114.

[11] *Íd.*, Entrada Núm. 116.

[12] *Íd.*, Entrada Núm. 118.

[13] La *Resolución* específicamente expuso:

> Se advierte que **no se extenderá el período de descubrimiento de prueba** y que el Tribunal concedió hasta el 21 de mayo de 2026 para la toma de deposiciones. (Énfasis nuestro).

*Íd.*, Entrada Núm. 120.

Inconforme con esta determinación, el 4 de mayo de 2026, los peticionarios instaron recurso de *Certiorari* con el siguiente señalamiento de error:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA E INCURRIÓ EN ABUSO DE DISCRECIÓN AL DENEGAR LA EXTENSIÓN DEL DESCUBRIMIENTO DE PRUEBA A PESAR DE EXISTIR UN EVENTO NUEVO Y MATERIAL —UN SEGUNDO INCENDIO— Y EVIDENCIA ESENCIAL PENDIENTE DE PRODUCCIÓN, LO CUAL MENOSCABA EL DERECHO DE LAS CODEMANDADAS A PREPARAR ADECUADAMENTE SU DEFENSA.[14]

En la misma fecha, presentaron *Urgente Solicitud de Auxilio de Jurisdicción* y solicitaron la paralización de los procedimientos.[15] Este Tribunal declaró *Ha Lugar* el auxilio de jurisdicción y ordenó la paralización de los procedimientos el mismo 4 de mayo de 2026.[16] A su vez, concedió a la parte recurrida hasta el 14 de mayo de 2026 para presentar su postura sobre el recurso.[17]

El 14 de mayo de 2026, los recurridos presentaron *Alegato de las partes demandantes recurridas al recurso de certiorari*.[18] Mediante este, reiteraron nuevamente que no se oponían a la realización de un descubrimiento de prueba relacionado con el segundo fuego. No obstante, argumentaron que dicho descubrimiento debe limitarse, de manera estricta y exclusiva, a determinar si ese evento subsiguiente guarda alguna relevancia probatoria con el fuego que originó la causa de acción, ya que lo contrario:

> [S]e conv[ertiría] en una invitación abierta para relitigar, expandir o reabrir desde sus inicios un descubrimiento de prueba que ya ha concluido en sus etapas medulares y respecto al cual no existen reservas legítimas pendientes.[19]

---

[14] SUMAC del Tribunal de Apelaciones, Entrada Núm. 1.
[15] *Íd.*, Entrada Núm. 2.
[16] *Íd.*, Entrada Núm. 3.
[17] *Íd.*
[18] *Íd.*, Entrada Núm. 4.
[19] *Íd.*

Con el beneficio de la comparecencia de las partes, procedemos a exponer la normativa jurídica aplicable al caso ante nuestra consideración.

## II.

### A. *Certiorari*

Como cuestión de umbral, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V R. 52.1, establece el alcance de la revisión discrecional de las resoluciones u órdenes interlocutorias emitidas por el Tribunal de Primera Instancia en los siguientes términos:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público **o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.** Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. *Íd.*

Según se desprende de la citada Regla, este Foro Apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones. *Rivera et al. v. Arcos de Dorado Puerto Rico, Inc. et al.*, 212 DPR 194, 208 (2023); *Mun. de Caguas v. JRO Construction, Inc.* 201 DPR 703, 710-711 (2019).

Rebasado el umbral establecido en la Regla 52.1 de Procedimiento Civil, *supra,* corresponde a este tribunal intermedio determinar si procede revisar la determinación interlocutoria recurrida. A esos efectos, el auto de *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Allio v. Santiago Chardón,* 2026 TSPR 13, 217 DPR ___ (2026); *Rivera et al. v. Arcos Dorados et al., supra,* pág. 207; *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023); *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728-729 (2016); *García v. Padró,* 165 DPR 324, 334 (2005).

Distinto al recurso de apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de manera discrecional, por tratarse de ordinario de asuntos interlocutorios. *Torres González v. Zaragoza Meléndez, supra,* pág. 847; *Medina Nazario v. McNeil Healthcare LLC, supra,* pág. 729; *García v. Padró, supra,* pág. 334. Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Torres González v. Zaragoza Meléndez, supra,* pág. 847; *Municipio v. JRO Construction,* 201 DPR 703, 711-712 (2019); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 338 (2012); *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 98 (2008).

Por su parte, la Regla 40 del Reglamento de este Tribunal, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 141, pág. 63, 216 DPR ___ (2025), establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari.* Sobre el particular dispone:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. *Íd.*

La discreción "es el más poderoso instrumento reservado a los jueces". *Rodríguez v. Pérez,* 161 DPR 637, 651 (2004); *Banco Metropolitano v. Berríos,* 110 DPR 721, 725 (1981). La discreción es "la facultad que tiene [el tribunal] para resolver de una forma u otra, o de escoger entre varios cursos de acción". *Citibank et al. v. ACBI et al.,* 200 DPR 724, 735 (2018); *García López y otro v. E.L.A.,* 185 DPR 371 (2012). La discreción que cobija "al Tribunal de Primera Instancia en sus determinaciones discrecionales es amplia, por lo que sus decisiones merecen gran deferencia". *Citibank et al. v. ACBI et al., supra,* pág. 735. Este tribunal no intervendrá "con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por dicho foro en el ejercicio de su discreción, salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso con el ejercicio de la discreción, o que incurrió en error manifiesto". *Íd.,* pág. 736. Véase, además, *BPPR v. SLG Gómez-López,* 213 DPR 314, 334-335 (2023) *Trans-Oceanic Life Ins. v. Oracle Corp.,* 184 DPR 689, 709 (2012); *Lluch v. España Service Sta., supra,* pág. 745.

### B. Descubrimiento de Prueba

El procedimiento para llevar a cabo el descubrimiento de prueba está regido por las Reglas de Procedimiento Civil de Puerto Rico, 32 LPRA Ap. V, R 23.1 (2009). El descubrimiento de prueba es

"la médula del esfuerzo de destruir de una vez y para siempre la deportiva teoría de justicia que tanta mina la fe del pueblo en el sistema judicial". *Lluch v. España Service Sta., supra,* pág. 743; El descubrimiento de prueba es el mecanismo utilizado por las partes para "obtener hechos, título, documentos u otras cosas que están en poder del demandado o que son de su exclusivo conocimiento y que son necesarias [...] para hacer valer sus derechos". *McNeil Healthcare v. Mun. Las Piedras II,* 206 DPR 659, 672 (2021), pág. 672 (citando a I. Rivera García, *Diccionario de términos jurídicos,* 3ra ed. rev., San Juan, Ed. LexisNexis, 2000, pág. 70). Véase, además, *Consejo de Titulares v. Triple S,* 2025 TSPR 82, 216 DPR ___ (2025); *McNeil Healthcare, LLC v. Mun. Las Piedras II, supra, Rivera et al. v. Arcos Dorados et al., supra; Alvarado v. Alemany,* 157 DPR 672, 682 (2002).

Los foros primarios gozan de amplia discreción para regular el descubrimiento de prueba, por lo que los foros apelativos no deben intervenir con dicha discreción, salvo que medie prejuicio, parcialidad o error manifiesto en la aplicación de una norma procesal o sustantiva. *Rivera y otros v. Bco. Popular,* 152 DPR 140, 154–155 (2000). Este criterio también concierne a la intervención de los foros apelativos con las determinaciones interlocutorias de los tribunales de primera instancia. *McNeil Healthcare, LLC v. Mun. Las Piedras II, supra,* pág. 672 (2021). *Meléndez v. Caribbean Int'l. News,* 151 DPR 649, 664 (2000).

De la misma forma, en términos generales, el propósito del descubrimiento de prueba es: (1) delimitar las controversias; (2) facilitar la consecución de evidencia; (3) evitar las sorpresas en el juicio; (4) facilitar la búsqueda de la verdad, y (5) perpetuar la prueba. Véase R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil,* 6ta ed., San Juan, Ed. LexisNexis, 2017, sec. 2802, págs. 333-334. Es por ello, que nuestro Máximo Foro Judicial

ha reiterado que el alcance del descubrimiento de prueba es amplio y liberal. *Consejo de Titulares v. Triple S, supra; Rivera et al. v. Arcos Dorados et al., supra; Cruz Flores v. Hospital Ryder Memorial Inc.* 210 DPR 465, 29 (2022); *McNeil Healthcare v. Mun. Las Piedras II, supra; Scotiabank* v. ZAF Corp. *et al.*, 202 DPR 478, 490 (2019); *Casasnovas et al. v. UBS Financial et al.*, 198 DPR 1040, 1054 (2017).

Ese alcance amplio y liberal claramente propende a que, mediante el buen uso del descubrimiento, se aceleren "los procedimientos, se propicien las transacciones y se eviten las sorpresas indeseables durante el juicio. *McNeil Healthcare v. Mun. Las Piedras II, supra.* De igual forma, el Tribunal Supremo de Puerto Rico ha expresado que los tribunales de instancia tienen amplia discreción para regular el ámbito del descubrimiento, pues es su obligación garantizar una solución justa, rápida y económica del caso, sin ventajas para ninguna de las partes. *Rivera et al. v. Arcos Dorados et al., supra* (citando a *Cruz Flores v. Hospital Ryder Memorial Inc., supra*, págs. 496-497).

Consecuentemente, en la regla 23 de las Reglas de Procedimiento Civil, *supra*, se establece los parámetros que regulan el descubrimiento de prueba en los casos civiles. Específicamente, el inciso (a) de la Regla 23.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 23.1(a), dispone que las partes en litigio podrán indagar "sobre cualquier materia, no privilegiada, que sea pertinente al asunto en controversia en el pleito pendiente". *Torres González v. Zaragoza Meléndez, supra*, pág. 845.

El Tribunal Supremo de Puerto Rico ha sido enfático, que dentro del descubrimiento de prueba existen dos limitaciones: (1) que la prueba sea pertinente y (2) que la materia no sea de naturaleza privilegiada. *Consejo de Titulares v. Triple S, supra* (citando a Izquierdo II v. Cruz y otros, 213 DPR 607, 616-617 (2024).

En relación con el criterio de pertinencia, nuestro Foro Máximo ha expresado que:

> [E]ste es **mucho más amplio bajo la Regla 23.1 de Procedimiento Civil**, *supra,* que bajo la Regla 18 de Evidencia, que regula la admisión de evidencia en un proceso judicial. En conformidad con lo anterior, **se admite el descubrimiento de todos los asuntos que puedan tener cualquier relación posible con la materia que es objeto del litigio**, aunque no estén relacionados con las controversias específicas que han sido esbozadas por las alegaciones. **Basta que exista una posibilidad razonable de relación con el asunto en controversia.** (citas omitidas) (Énfasis nuestro). *García Rivera et al. v. Enríquez,* 153 D.P.R. 323, 333–34 (2001).

Asimismo, nuestro Tribunal Supremo ha indicado que la prueba pertinente es la que produzca o pueda producir, entre otras:

> (a) prueba que sea admisible en el juicio; (b) hechos que puedan servir para descubrir evidencia admisible; (c) datos que puedan facilitar el desarrollo del proceso; (d) admisiones que puedan limitar las cuestiones realmente litigiosas entre las partes; (e) datos que puedan servir para impugnar la credibilidad de los testigos; (f) hechos que puedan usarse para contrainterrogar a los testigos de la otra parte; (g) nombres de los testigos que la parte interrogada espera utilizar en el juicio. *Consejo de Titulares v. Triple S, supra* (citando a *McNeil Healthcare v. Mun. Las Piedras II, supra*, pág. 674); *Berrios Falcón v. Torres Merced,* 175 DPR 962, 972 (2009); *Sierra v. Tribunal,* 81 DPR 554, 573 (1959)).[20]

### III.

En su único señalamiento de error, la parte peticionaria arguye que el foro primario erró al denegar la extensión del descubrimiento de prueba, a pesar de que sucedió un evento pertinente que lo ameritaba. Cabe destacar, por otro lado, que la parte recurrida se allanó a lo solicitado por la parte peticionaria y expresó que no tenía problema con extender el periodo del descubrimiento de prueba, siempre y cuando no se utilizara el segundo fuego como un mecanismo para dilatar los procesos innecesariamente.

---

[20] Véase, también, *E.L.A. v. Casta*, 162 DPR 1, 13 (2004); *Alvarado v. Alemañy*, 157 DPR 672, 683 (2002) (citando a *García Rivera et al. v. Enríquez, supra*); J.A. Cuevas Segarra, *Tratado de derecho procesal civil*, 2da ed., San Juan, Pubs. JTS, 2011, T. III, pág. 839.

A tenor con la norma jurídica esbozada, este Foro Apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones. *Allio v. Santiago Chardón, supra; Rivera et al. v. Arcos Dorados et al., supra; Torres González v. Zaragoza Meléndez, supra.* En el caso que nos concierne, colegimos que es nuestro deber expedir el *certiorari*, puesto que negar su expedición constituiría un fracaso de la justicia.

Como indicamos en el apartado anterior, los tribunales de instancia tienen amplia discreción para regular el ámbito del descubrimiento de prueba. Por ello, como foro apelativo, no debemos de intervenir con tal ejercicio, salvo la presencia de un claro error, prejuicio o abuso de discreción. Entendemos que, conforme se dispone en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, esta etapa es la más propicia para la consideración de esta controversia, por lo que pasamos a resolver el error planteado.

Se solicita nuestra intervención en esta etapa del proceso porque la parte peticionaria entiende que, de no extender el periodo del descubrimiento de prueba, estaríamos menoscabando su derecho a preparar adecuadamente su defensa. Le asiste la razón. A la luz de la normativa antes expresada, debemos admitir el descubrimiento de aquellos asuntos, no privilegiados, que puedan ser pertinentes a la materia que es objeto del litigio, aunque no estén relacionados con las controversias específicas que han sido esbozadas por las alegaciones e, incluso, cuando se trate de prueba que sería inadmisible en el juicio. *Consejo de Titulares v. Triple-S, supra; García Rivera et al. v. Enríquez, supra.*

En lo atinente, el evento que amerita la concesión de la extensión es un segundo fuego que ocurrió el 16 de abril de 2026, cuando permanecía aún un mes del periodo determinado por el foro primario para concluir el descubrimiento de prueba. La parte peticionaria, oportunamente, presentó una *Moción* fundamentada para extender el mismo. Este Tribunal ha sido consistente y enfático en que, bajo la Regla 23.1, bastará que exista una posibilidad razonable de relación con el asunto en controversia para propósito del descubrimiento de prueba.

Debido a que la médula de la controversia de este pleito precisamente trata sobre el origen y la causa del fuego ocurrido en el 2024, este segundo evento resulta pertinente. Por tanto, se debe permitir un descubrimiento de prueba limitado para determinar la alegada relación del segundo fuego con el fuego original que suscitó el litigio. En particular, si existe relación entre sus respectivos orígenes y causas. Establecido lo anterior, colegimos que el foro *a quo* tenía el deber de permitir que se extendiera el descubrimiento de prueba a los fines de determinar si el segundo fuego guarda relación con el primero.

**IV.**

Por los fundamentos antes expresados, los que hacemos formar parte de este dictamen, se expide el auto de *certiorari* y se revoca la *Orden recurrida* a los efectos de permitir extender el descubrimiento de prueba de forma limitada para determinar el origen y la causa del fuego del 16 de abril de 2026.

En virtud de lo anterior, dejamos sin efecto la paralización ordenada el 4 de mayo de 2026. Por tanto, se devuelve el caso al Tribunal de Primera Instancia para que continúe con los procedimientos.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.  La jueza Álvarez Esnard disiente sin voto escrito.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones